WILLIAM CHERNOFF, Respondent, v. ROCHESTER NEWS CORPORATION, Appellant.— Order of the County Court so far as it relates to the first cause of action reversed on the facts and otherwise affirmed, with costs to the appellant, and order of the City Court in so far as it relates to the first cause of action affirmed. Memorandum: The verdict was against the weight of the evidence. The declination of the trial court to dismiss the so-called second cause of action was equivalent to refusing to strike out the testimony to support it. The court's permitting the jury to consider the evidence bearing upon the second cause of action was material error. Although plaintiff did not succeed on that cause of action, we cannot say that the verdict in his favor on the first cause of action would have been reached if the second cause of action had been dismissed, and the testimony in support of it had not been in the case. All concur, except Sears, P. J., and Crosby, J., who dissent and vote for affirmance in the following memorandum: The order

for a new trial was granted on two grounds: (1) Newly-discovered evidence and (2) that the verdict was against the weight of the evidence. The alleged newly-discovered evidence relates solely to the so-called second cause of action which has now been eliminated from the case. Upon another trial the alleged newly-discovered evidence would be irrelevant to any issue in the case. The only issue in the case is whether plaintiff was employed for one year, or from week to week. It is claimed by defendant that plaintiff's proof, that he spent $265 moving to the scene of his work, influenced the jury to find that the employment was for a year, on the theory that plaintiff would not hazard so large an outlay to get to work that might last only a week, and that, with such proof eliminated, the weight of evidence is on the side of defendant. The answer to that argument is that the jury found against the second so-called cause of action, and that the admission of proof in support of it, even assuming it influenced the jury in its determination of the first cause of action, was due to defendant's fault in not objecting to the proof when offered. The so-called second cause of action did not allege a cause of action at all. Timely objection to proof to support it should have been made. Failure to strike out that so-called second cause of action was error, but that error was cured by the jury's verdict. But no motion was made to strike out the evidence offered to support the so-called second cause of action, and no objection was made to the evidence when offered, so plaintiff has no just complaint that the jury considered and may have been influenced by that evidence in reaching a verdict on the first cause of action, so we think that the order of the County Court reversing the City Court's order for a new trial should be sustained. (The order reversed a City Court judgment and granted a new trial in an action for breach of contract to employ plaintiff.)